United States District Court
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JAMES C WHITE,

          Plaintiff,

   v.

CAROLYN W COLVIN,

          Defendant.

Case No.  14-cv-05584-EMC

**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES AND COSTS**

Docket No. 20

## I.   <u>INTRODUCTION</u>

Pending before the Court is Plaintiff's motion for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d).  Docket No. 20 (Mot.).  In this Social Security appeal, the Court granted Plaintiff's motion for summary judgment and remanded the case in an order dated August 10, 2015.  Docket No. 17 (Order).  Plaintiff now requests $9,853.66 in fees and $598.58 in costs.  Docket No. 25 (Reply) at 4.  Defendant opposes the amount of fees requested as excessive.  Docket No. 24 (Opp.) at 3.

Defendant also moves to "hold in abeyance" Plaintiff's motion for attorney's fees because it was filed early, and to strike Plaintiff's original reply brief.  Docket No. 22.  That motion is granted, and the original reply brief is stricken.[1]

---

[1] Plaintiff's motion was not authorized under the EAJA until the Court's order became final, i.e., sixty days after the Court's Order granting summary judgment, or October 9, 2015.  Fed. R. App. P. 4(a)(1)(B).  However, Plaintiff filed on September 29, 2015.  Because Plaintiff filed early, Defendant's opposition was due by October 13, 2015, rather than October 23, 2015, the earliest day it would have been due if Plaintiff had not filed prematurely.  When Defendant did not file an opposition on October 13, 2015, Plaintiff filed a one-page reply brief contending that the motion should be granted.  Docket No. 21.  Defendant then filed the motion to "hold in abeyance" Plaintiff's motion for attorney's fees until October 9, 2015, and to strike the reply brief.  Plaintiff does not seem to oppose the request, and there appears to be no prejudice as Plaintiff has filed a new reply brief to respond to Defendant's opposition.

## II.   INTRODUCTION

On January 24, 2011, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, alleging disability beginning on October 3, 2008. Order at 1.  The Social Security Administration denied Plaintiff's application, and then denied a request for reconsideration. *Id.* at 6.  Plaintiff appealed the denial, and a hearing was held in front of an Administrative Law Judge (ALJ) on May 8, 2013. *Id.*  On June 10, 2013, the ALJ issued a decision finding that Plaintiff was not disabled, relying on a vocational expert's testimony to find that Plaintiff was capable of performing other work. *Id.* at 7.  Plaintiff filed a request for review of the ALJ's decision by the Appeals Council, which was denied on October 30, 2014. *Id.*

Plaintiff filed this action on December 22, 2014, and the parties filed cross motions for summary judgment.  On August 10, 2015, the Court issued an order granting Plaintiff's motion for summary judgment and remaindering the matter for reconsideration. *Id.* at 18.  In his motion, Plaintiff raised two main arguments: (1) that the ALJ improperly found that he suffered from only "mild depression" despite extensive evidence in the record that he suffered from a more severe form of depression, and (2) that the ALJ improperly found that certain parts of his testimony lacked credibility. *Id.* at 2.  The Court agreed that the ALJ did not provide "clear and convincing" reasons for rejecting the uncontradicted opinions of three separate examining psychologists who found that Plaintiff suffered from more than "mild depression," and that the ALJ erred in discrediting Plaintiff's testimony as to his depression, disabling pain, and insomnia. *Id.* at 8-16. The Court found that the finding of mild depression was not harmless error because it could result in a different disability determination at Step Three, and work ability at Step Five. *Id.* at 17.  The Court also found that the credibility determination was not obviously harmless because it was reasonably likely that the ALJ could have reached a different decision if Plaintiff's testimony had been credited. *Id.* at 17-18.

Plaintiff now brings the instant motion requesting $9,853.66 in attorneys' fees for 51.94 hours and $598.58 in costs and expenses.  Reply at 4.[2]

---

[2] Plaintiff originally requested $9,663.98 in attorney's fees and $598.58 in costs and expenses, but adjusted the attorney's fees to reflect the additional hour spent preparing the reply brief.

United States District Court
For the Northern District of California

**United States District Court**
For the Northern District of California

## III.  DISCUSSION

Defendant does not contest that Plaintiff is entitled to recover fees and costs as a prevailing party within the meaning of 28 U.S.C. § 2412(d).  Defendant disputes only the reasonableness of the fees requested.  Specifically, Defendant argues that Plaintiff's request for $9,663.98 in fees is excessive, as the hours are "substantially higher" than the number generally billed in a routine Social Security case.  Opp. at 3-4.

In general, fees awarded to prevailing parties under the EAJA must be "reasonable."  28 U.S.C. § 2412(d)(2)(A).  "'The most useful starting point for determining the amount of a reasonable fee is the amount of numbers reasonably expended on the litigation multiplied by a reasonable hourly rate.'"  *Sorenson v. Mink*, 239 F.3d 1140, 1145 (9th Cir. 2001) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)).  There is no dispute over the reasonableness of the hourly rate here, only over whether the number of hours Plaintiff's counsel spent on the cross motions for summary judgment was reasonable.

First, Defendant objects that Plaintiff's counsel spent 21.85 hours preparing the 18-page motion for summary judgment, arguing that "15 hours is a reasonable amount of time for an experienced counsel familiar with Social Security law to spend drafting a two-issue brief."  Opp. at 5.  Second, Defendant argues that Plaintiff's counsel expenditure of 17.68 hours preparing the 8-page reply brief is unreasonable, and that only 3 hours should have been spent.  *Id.* at 6.  Thus, Defendant contends "that the work could have been accomplished in 2[9].41 hours of attorney time instead of 50.94 hours," decreasing the total fee sought to $5,116.90. [3]  *Id.*

District courts exercise considerable discretion in making determinations of whether time expended was excessive.  As explained in *Hensley*:[4]

---

[3] Defendant cuts out two hours without explanation.  Defendant's calculation of the revised amount also does not take into account the different rate sought for work done in 2014.  Based on Defendant's proposed cut in hours, Plaintiff would be due $5,579.82 in attorney's fees (3.5 x $190.06 + 25.91 x $189.68).

[4] As recognized by the Ninth Circuit, "*Hensley* was an attorney-fee proceeding under § 1988; however, it also is applicable to awards of fees under the EAJA."  *Sorenson*, 239 F.3d at 1145, n.2.

United States District Court
For the Northern District of California

> There is no precise rule or formula for making these determinations. The district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success. The court necessarily has discretion in making this equitable judgment. This discretion, however, must be exercised in light of the considerations we have identified.

461 U.S. at 436.  The Ninth Circuit, however, has held that "courts should generally defer to the 'winning lawyer's professional judgment as to how many time he was required to spend on the case.'" *Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012) (quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (2008).  Thus, where a district court imposes a cut in fees of more than 10%, it must provide a specific explanation of the cut beyond a simple finding that the time expended was "excessive."  *Id.* (holding that it was improper to reduce the number of compensated hours from 60.5 to 41.1 through the application of a "de facto" cap limiting the amount of fees expended in a "routine" social security case").

Here, Plaintiff had more than limited success, prevailing on both issues that he challenged -- the ALJ's finding of mild depression and credibility determination.  While the requested 48.44 hours is on the higher end of other fee requests, it is arguably comparable to other cases in which the Court has awarded EAJA fees.  For example, in *Palomares v. Astrue*, in which this Court found that 37.9 hours in attorney's fees was reasonable.  No. C-11-4515-EMC, 2012 U.S. Dist. LEXIS 178851 at *25 (N.D. Cal. Dec. 18, 2012).  There, the plaintiff's counsel had spent 9.5 hours writing a seven-page motion for summary judgment, which included review of a 320-page administrative record, 6.7 hours reviewing the cross-motion for summary judgment and drafting a 6-page reply, and 4.3 hours on a four-page EAJA motion.  *Id.*  In *Lloyd v. Astrue*, the Court declined to reduce fees by 50% where the plaintiff's counsel had spent over 100 hours on the 25-page opening brief and a 13-page reply brief, prevailing on only one of the issues raised in the briefs.  No. C-11-4902 EMC, 2013 U.S. Dist. LEXIS 99329, at *5, 10-11 (N.D. Cal. July 16, 2013).  Although the Court found a reduction was warranted given the plaintiff's limited success and the "unusually high number of hours expended," it reduced fees by only 10%.  *Id.* at *11.

By comparison, Plaintiff's counsel here spent 21.85 hours writing an 18-page motion for summary judgment, which included the review of the 812-page administrative record, 17.68 hours

4

1    reviewing the cross motion for summary judgment and drafting an 8-page reply, and 3.23 hours on

2    a 6-page EAJA.  This time is not out of line when compared to the award in *Palomares*, especially

3    since Plaintiff's counsel had to respond to a new argument by Defendant that even the ALJ did not

4    rely upon in explaining the ALJ's determination that Plaintiff suffered only from mild depression;

5    he also had to distinguished each of the three Eighth Circuit cases and one Ninth Circuit case cited

6    by Defendant.  Reply at 3.  Taken together, it does not appear that the hours sought by Plaintiff are

7    excessive.

8         However, the Court notes that the rate sought by Plaintiff's counsel for hours spent in 2014

9    exceeds the statutory maximum rate under the EAJA.  Specifically, Plaintiff's counsel seeks a rate

10   of $190.16, while the statutory maximum rate is $190.06.  *See*

11   http://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039, last accessed November 20,

12   2015.  For this reason, the Court will apply the $190.06 rate for hours spent in 2014.  The $189.68

13   rate sought for hours spent in 2015 is reasonable.

14        Based on these rates, Plaintiff is entitled to an award of $9,853.31 in attorney's fees (2014:

15   3.5 hours x $190.06 = $665.21; 2015: 48.44 hours x $189.68 = $9,188.10) and $598.58 in costs

16   and expenses.  The Court finds this amount to be reasonable, based on its review of the hours and

17   the applied rate.

## IV.  CONCLUSION

19        For the foregoing reasons, Plaintiff's motion for attorney's fees and costs is **GRANTED in**

20   part.  Defendant shall pay $9,853.31 in attorney's fees and $598.58 in costs and expenses.

21        This order disposes of Docket No. 20.

23        **IT IS SO ORDERED**.

25   Dated: November 23, 2015

27   EDWARD M. CHEN
     United States District Judge

*(left margin, vertical text)* United States District Court / For the Northern District of California