UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES C WHITE,<br><br>  Plaintiff,<br><br>  v.<br><br>CAROLYN W COLVIN,<br><br>  Defendant. | Case No. 14-cv-05584-EMC<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br><br>Docket No. 29 |

## I.  INTRODUCTION

Pending before the Court is Plaintiff's motion for attorney's fees under 42 U.S.C. § 406(b). Docket No. 29 ("Motion"). In this Social Security appeal, the Court granted Plaintiff's motion for summary judgment and remanded the case in an order dated August 10, 2015. Docket No. 17. The Court previously awarded $9,853.31 in attorney's fees and $598.58 in costs and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Docket No. 20. Plaintiff now requests $31,067.25, which represents 25 percent of the total past-due benefits recovered by the claimant, less the amount already paid under the EAJA. Defendant has filed a non-opposition response. Docket No. 30. The Court **GRANTS** the motion.

## II.  FACTUAL AND PROCEDURAL HISTORY

On January 24, 2011, Plaintiff filed an application for disability insurance benefits pursuant to Title II of the Social Security Act, alleging disability beginning on October 3, 2008. The Social Security Administration denied Plaintiff's application, and then denied a request for reconsideration. Docket No. 26 at 2. Plaintiff appealed the denial, and a hearing was held in front of an Administrative Law Judge (ALJ) on May 8, 2013. *Id.* On June 10, 2013, the ALJ issued a decision finding that Plaintiff was not disabled, relying on a vocational expert's testimony to find

1   that Plaintiff was capable of performing other work. *Id.* Plaintiff filed a request for review of the
2   ALJ's decision by the Appeals Council, which was denied on October 30, 2014. *Id.*

3   Plaintiff filed this action on December 22, 2014, and the parties filed cross motions for
4   summary judgment. On August 10, 2015, the Court issued an order granting Plaintiff's motion for
5   summary judgment and remaindering the matter for reconsideration. *Id.* In his motion, Plaintiff
6   raised two main arguments: (1) that the ALJ improperly found that he suffered from only "mild
7   depression" despite extensive evidence in the record that he suffered from a more severe form of
8   depression, and (2) that the ALJ improperly found that certain parts of his testimony lacked
9   credibility. *Id.* The Court agreed that the ALJ did not provide "clear and convincing" reasons for
10  rejecting the uncontradicted opinions of three separate examining psychologists who found that
11  Plaintiff suffered from more than "mild depression," and that the ALJ erred in discrediting
12  Plaintiff's testimony as to his depression, disabling pain, and insomnia. *Id.* The Court found that
13  the finding of mild depression was not harmless error because it could result in a different
14  disability determination at Step Three, and work ability at Step Five. *Id.* The Court also found
15  that the credibility determination was not obviously harmless because it was reasonably likely that
16  the ALJ could have reached a different decision if Plaintiff's testimony had been credited. *Id.*
17  This Court awarded $9,853.31 in attorney's fees and $598.58 in costs pursuant to the EAJA. *Id.* at
18  5.

19  On remand, the agency awarded claimant $124,269.80 in past-due benefits, in addition to
20  monthly payments of $2,113 going forward. Docket No. 29-3. Of the past-due benefits,
21  $93,202.55 was paid directly to the claimant, while $31,067.25—25% of the total—was withheld
22  for possible payment of attorney's fees. *Id.* at 3.

### III. DISCUSSION

24  Section 406(b) of Title II of the Social Security Act provides that "[w]henever a court
25  renders a judgment favorable to a claimant under this subchapter who was represented before the
26  court by an attorney, the court may determine and allow as part of its judgment a reasonable fee
27  for such representation, not in excess of 25 percent of the total of the past-due benefits to which
28  the claimant is entitled by reason of such judgment." 42 U.S.C. § 406(b). The Supreme Court has

1    explained that "§ 406(b) does not displace contingent-fee agreements as the primary means by
2    which fees are set for successfully representing Social Security benefits claimants in court."
3    *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).  To the contrary, such agreements are "the
4    'primary means' by which fees are determined."  *Crawford v. Astrue*, 586 F.3d 1142, 1150 (9th
5    Cir. 2009).  Thus, "a district court charged with determining a reasonable fee award under §
6    406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking
7    first to the contingent-fee agreement, then testing it for reasonableness.'"  *Id.* at 1148 (quoting
8    *Gisbrecht*, 535 U.S. at 793, 808).  "A fee resulting from a contingent-fee agreement is
9    unreasonable, and thus subject to reduction by the court, if the attorney provided substandard
10   representation or engaged in dilatory conduct in order to increase the accrued amount of past-due
11   benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the
12   case.'"  *Id.*

13   In this case Plaintiff and his counsel entered into a contingent fee arrangement according to
14   which counsel was entitled to seek an award of up to 25 percent of any past-due benefits
15   recovered.  Docket No. 29-4 at 2.  The agreement further provided that if counsel sought fees
16   under that provision, he would pay to Plaintiff "the full amount of any attorneys' fees and
17   expenses that I am awarded under [EAJA]."  *Id.*  Given this agreement, which is consistent with
18   the limits imposed by § 406(b), and in light of *Gisbrecht*'s admonition about the "primacy of
19   lawful attorney-client fee agreements," counsel asks the Court to award him the full 25 percent of
20   the past-due benefits recovered, or $31,067.25.  Motion at 5.

21   As an initial matter, Defendant argues in its Response that Plaintiff uses the wrong baseline
22   for calculating the 25 percent to which counsel is entitled.  Defendant argues instead that
23   Plaintiff's counsel is entitled to 25 percent of the amount actually paid to Plaintiff.  That amount,
24   again, was $93,202.55, and Defendant accordingly argues that the fee agreement provides for 25%
25   of that amount, or $23,300.64.  Defendant notes that "$31,067.25 is the amount withheld by the
26   agency from Plaintiff's back pay" and characterizes Plaintiff's position as a request to "add" that
27   amount "to the $93,202.55 to reflect how much Plaintiff's total back payment would be without
28   the withholding."  Docket No. 30 at 2.

3

The Court disagrees with Defendant's analysis. The fee award clearly states that "[w]e usually withhold 25 percent of past due benefits in order to pay the approved representative's fee. We withheld $31,067.25 from your past due benefits in case we need to pay your representative." Docket No. 29-4 at 3. In other words, it is apparent that the $31,067.25 represents a 25 percent share of the total past-due benefits recovered, which amount to $124,269.80. The agency's withholding already accounts for the fact that counsel may recover up to 25 percent of that amount. The Defendant's proposed calculation, by contrast, takes 25 percent of the amount that has *already* been reduced by 25 percent. That this cannot be the correct approach is clear from the fact that the plain language of the fee award indicates that the money has been withheld only "in case" the agency needs to pay the claimant's attorney. In other words, if Plaintiff's counsel was not entitled to the full $31,067.25, the remainder would simply revert to Plaintiff, meaning that the $93,202.55 actual recovery figure on which Defendant bases its calculation would no longer be correct. The Court therefore concludes that under the terms of the fee agreement, Plaintiff's counsel is entitled to $31,067.25.

As noted above, the Supreme Court and the Ninth Circuit have explained that, in determining a fee award in a social security case, a Court must begin with the fee agreement and then afterwards proceed to "testing it for reasonableness." *Crawford*, 586 F.3d at 1148. "The court may properly reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Id.* at 1151. Counsel in this case plainly did not render substandard performance, as he secured a fully favorable result and a substantial recovery for the claimant. There is also no indication that counsel "caused . . . excessive delay which resulted in an undue accumulation of past-due benefits." *Id.* Whether counsel's requested fee award is reasonable thus turns on whether it provides of "benefits that are not in proportion to the time spent on the case." *Id.* In making this determination, the Court may "consider the lodestar calculation, but *only as an aid* in assessing the reasonableness of the fee." *Id.* (emphasis in original).

Counsel asserts that he spent 51.94 hours working on this case. As he and the Defendant both note, this means that his requested fee award would result in an effective hourly rate of

4

$598.14 (31,067.25 / 51.94 = 598.137).[1]  Motion at 4; *see also* Docket No. 20-2 (spreadsheet documenting hours worked).  Counsel further states that he charges hourly clients at a rate of $325 per hour.  Thus the lodestar amount for this case is $16,880.50, and counsel's requested award represents a multiplier of 1.84.  In light of the awards that district courts and the Ninth Circuit have approved in similar cases, Plaintiff's request represents a reasonable award.

"Since *Gisbrecht* was handed down by the Supreme Court, the district courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases, accepting that the resulting *de facto* hourly rates may exceed those for non contingency-fee arrangements." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) (citing cases approving awards with hourly rates ranging up to $694.44 per hour).  This is so in part because "courts recognize that basing a reasonableness determination on a simple hourly rate basis is inappropriate when an attorney is working pursuant to a reasonable contingency contract for which there runs a substantial risk of loss."  *Id.*

In *Crawford*, the Ninth Circuit found reasonable three separate fee awards that had been requested by counsel but denied by the district court.  The three awards that the Circuit court approved had effective hourly rates of $659, $813, and $875; the lodestar multipliers in the three cases were 1.84, 2.79, and 3.55.  *See Crawford*, 586 F.3d at 1145.  In approving the requests, the Ninth Circuit emphasized the attorneys had all secured substantial recoveries for their clients, and that there had been no evidence of excessive delay, fraud, or overreaching.  *Id.* at 1151.  The court did note that in each of the cases, unlike here, Counsel actually requested an amount less than the 25% allowed in the contingent fee agreements.  But in all three cases, counsel had worked fewer hours than did counsel in this case, and the reductions came about after "counsel voluntarily evaluated the fees in comparison to the amount of time spent on the case."  *Id.* at 1151-52.

In this case, counsel similarly secured an excellent result for his client, and his proposed

---

[1] Plaintiff argues that counsel's actual hourly rate is lower, because, taking into account the fact that counsel will have to pay Plaintiff an offset to make up for the previous EAJA award, he "will not realize the full economic benefit of $31,067.25."  Motion at 4.  Instead, he will receive a net of $21,213.94, which equates to an hourly rate of $408.43.  But this calculation ignores the fact that the earlier EAJA award forms part of counsel's total compensation for his work on this case.  The initial calculation of $598.14 is thus the correct hourly rate.

effective hourly rate and lodestar multiplier are lower than any of those approved in *Crawford*. The Court therefore concludes that counsel's fee request is reasonable and grants the motion subject to one modification. Counsel acknowledges that, under both the terms of his contingent fee agreement and the requirements of § 406(b), he is required to pay to Plaintiff the amount awarded under the EAJA. Motion at 4. His proposed order thus calls for him to pay to plaintiff "the sum of $9,853.31 which represents the amount of attorney's fees awarded under the [EAJA]." Docket No. 29-5. The fee agreement, however, actually provides for counsel to pay Plaintiff "the full amount of any attorneys' fees *and expenses* . . . awarded under the [EAJA]." Docket No. 29-4 at 2 (emphasis added). This Court's EAJA order awarded counsel $9,853.31 in fees and $598.58 in "costs and expenses." Docket No. 26 at 5. Counsel should also be required to refund this additional amount to Plaintiff.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's motion for attorney's fees in the amount of $31,067.25, from which Plaintiff's attorney will deduct and pay to Plaintiff the sum of $10,451.89, which represents the amount of attorney's fees and expenses awarded under the Equal Access to Justice Act, 28 U.S.C. § 2412(d).

This order disposes of Docket No. 29.

**IT IS SO ORDERED**.

Dated: September 26, 2016

_____
EDWARD M. CHEN
United States District Judge